# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Davis Smith, Jr., #285136 <br> *a/k/a Robert Davis Smith, Jr., #0495* <br> *a/k/a Robert Davis Smith, Jr., #121630,* <br><br>  Petitioner, <br><br> vs. <br><br> Warden Bush, <br><br>  Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

C/A No. 8:17-2775-MGL-JDA

**REPORT AND RECOMMENDATION**

This is an action seeking habeas corpus relief under 28 U.S.C. § 2241. [Doc. 1.] Petitioner is a prisoner in the custody of the South Carolina Department of Corrections ("SCDC") at Broad River Correctional Institution, and he seeks habeas relief from a sentence imposed upon him in 1993. [*Id.*] The Petition is subject to summary dismissal.

## BACKGROUND

Petitioner alleges that, on June 2, 1993, he was convicted of the crime of lewd act on a minor and sentenced under the Youthful Offender Act to 6 years, suspended to 30 months probation and 24 days public service employment. [Doc. 1 at 3.] He alleges that he was a juvenile when he was convicted and that he should not be required to register as a sex offender because he was not informed that he had to do so until "25 years" after his conviction. [*Id.* at 8.] He asks that the Court expunge his "old charge" from his criminal record. [*Id.* at 9.] Liberally construed, it appears that Petitioner brings this § 2241 habeas action because he believes his status as a registered sex offender is improper. [Doc. 1.]

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. Petitioner filed this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. This statute authorizes the Court to dismiss a case if it is satisfied that the action fails to state a claim on which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Thus, a federal court has jurisdiction over such a petition only if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." *Id.*; *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam). However, even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal

2

construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Petitioner seeks to challenge, pursuant to 28 U.S.C. § 2241, the collateral consequences of a conviction and sentence imposed upon him in 1993. However, Petitioner is no longer in custody under that sentence. Petitioner's current incarceration in state prison is unrelated to the conviction and sentence that he seeks to challenge in his habeas petition. The online court records from the Greenville County 13th Judicial Circuit Public Index show that Petitioner is currently serving a term of imprisonment under a sentence imposed on March 4, 2016, following a conviction in the Greenville County Court of General Sessions for the crime of criminal sexual conduct in the first degree. *See* Greenville County 13th Judicial Circuit Public Index, https://www2.greenvillecounty.org/ SCJD/PublicIndex/PISearch.aspx (search case number "2013A2320601632") (last visited November 9, 2017) (Indictment No. 13GS2307305).[*]

---

[*] The Court may take judicial notice of matters of public record, including factual information located in postings on government websites. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Mitchell v. Newsom*, CA No. 3:11-0869-CMC-PJG, 2011 WL 2162723, *3 n. 1 (D.S.C. May 10, 2011) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records), *adopted by* 2011 WL 2162184 (D.S.C. June 1, 2011); *see also In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631–33 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); and *Williams v. Long*, 585 F. Supp. 2d 679, 686–88 & n. 4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

Rather than seeking relief from his current term of imprisonment in his habeas petition, Petitioner asks that the Court expunge his 1993 conviction under the Youthful Offender Act. Specifically, Petitioner seeks to expunge the requirement that he register as a sex offender.

Pursuant to 28 U.S.C. § 2241, a writ of habeas corpus is available only if a prisoner demonstrates that he is "**in custody** in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2241(c)(3) (emphasis added); *see also* 28 U.S.C. 2254(a) (imposing the same "in custody" requirement). This statutory language has been consistently interpreted as requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed. *See, e.g., Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Furthermore, a prisoner can utilize habeas corpus proceedings only if he is challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Here, Petitioner does not attack the fact or duration of his confinement, but rather he attacks his classification as a sex offender.

The Fourth Circuit Court of Appeals has held that the registration requirements imposed on sex offenders does not place the sex offender "in custody" for purposes of habeas jurisdiction. *See Wilson v. Flaherty*, 689 F.3d 332, 337–38 (4th Cir. 2012). Other circuit courts have unanimously agreed. *See, e.g., Virsnieks v. Smith,* 521 F.3d 707 (7th Cir. 2008) ("[G]iven the habeas statute's 'in custody' requirement, courts have rejected uniformly the argument that a challenge to a sentence of registration under a sexual offender statute is cognizable in habeas."); *Leslie v. Randle,* 296 F.3d 518 (6th Cir. 2002); *Henry v. Lungren,* 164 F.3d 1240 (9th Cir. 1999); *Williamson v. Gregoire,* 151 F.3d 1180 (9th Cir. 1998).

Petitioner is no longer serving the sentence imposed upon him in 1993 that he now seeks to challenge. Simply put, sex offender registration does not meet the requirements of "in custody" for purposes of federal habeas relief; rather, it is a collateral consequence. *See Clair v. Maynard*, 812 F. Supp. 2d 685, 687–88 (D. Md. 2011). "The sex offender registration requirement is merely a collateral consequence of conviction, and does not constitute the type of severe, immediate restraint on physical liberty necessary to render a petitioner 'in custody' for the purpose of federal habeas corpus review." *Davis v. Nassau County* 524 F.Supp.2d 182, 188 (E.D.N.Y. 2007), *see also Leslie v. Randle,* 296 F.3d 518, 522–23 (6th Cir. 2002) (Ohio sex offender registration does not satisfy custody requirement); *McNab v. Kok,* 170 F.3d 1246, 1247 (9th Cir. 1999) (Oregon's sex offender registration law); *Henry v. Lungren,* 164 F.3d 1240, 1242 (9th Cir. 1999) (California's sex offender registration law); *Williamson v. Gregoire,* 151 F.3d 1180, 1185 (9th Cir. 1998) (same holding under Washington's sex offender registration law).

Similar to other collateral consequences of a felony conviction, sex offender registration is not a restraint on Petitioner's physical liberty. "Once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purpose of a habeas attack upon it." *Maleng v. Cook,* 490 U.S. 488, 492–93 (1989) (applying "collateral consequences" doctrine to possibility of enhanced sentence if petitioner is sentenced under "habitual offender" statute); *see also Lefkowitz v. Fair,* 816 F.2d 17, 20 (1st Cir. 1987) (loss of license to practice medicine resulting from conviction is collateral consequence which does not constitute custody).

It is clear from the allegations in the Petition that Petitioner is challenging only his classification as a sex offender. Therefore, the instant habeas petition is subject to dismissal for lack of jurisdiction because Petitioner is not "in custody" under the conviction and sentence he seeks to expunge. *See, e.g., Clair v. Maynard*, 812 F. Supp. 2d 685, 688 (D. Md. 2011); *Butts v. South Carolina*, No. 9:07-3434-JFA-GCK, 2007 WL 4568982, at *2 (D.S.C. Dec. 20, 2007). Further, it is well-settled under the cases noted above that sex offender classification is merely a "collateral consequence" of a conviction, which does not affect the validity of that conviction.

The undersigned therefore concludes that the Petition is subject to dismissal with prejudice because the grounds for relief challenging Petitioner's requirement to register as a sex offender do not give rise to a cognizable claim subject to review in a federal habeas proceeding. *See Butts v. South Carolina*, No. 0:11-CV-1765-JFA, 2011 WL 6114780, at *3 (D.S.C. Dec. 6, 2011), *dismissed*, 475 F. App'x 885 (4th Cir. 2012); *Ramsey v. Faust*, 943 F. Supp. 2d 77, 83 (D.D.C. 2013). Petitioner has not demonstrated that he is "in custody" with regard to his sex offender classification to warrant relief under a federal habeas corpus proceeding. Thus, the undersigned recommends summary dismissal of the petition for a writ of habeas corpus.

**RECOMMENDATION**

Accordingly, it is recommended that this action be dismissed with prejudice and without requiring the Respondent to file an answer or return.  **Petitioner's attention is directed to the important notice on the next page.**

S/Jacquelyn D. Austin
United States Magistrate Judge

November 9, 2017
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).